**NOT FOR PUBLICATION WITHOUT THE APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3127-18T1

MAURICE OPARAJI,

    Plaintiff-Appellant,

v.

REINALDO CAVALIERI and
FENCES R US, LLC,

    Defendants-Respondents.

_____

Submitted January 15, 2020 – Decided February 3, 2020

Before Judges Koblitz and Mawla.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Docket No. DC-014116-18.

Maurice Oparaji, appellant pro se.

Friend & Wenzel, LLC, attorneys for respondents (Karan Malhotra, of counsel and on the brief).

PER CURIAM

    Plaintiff Maurice Operaji appeals from a November 26, 2018 judgment, entered following a bench trial, in favor of defendants Reinaldo Cavalieri and

Fences R US, LLC.  He also appeals from two orders denying his motions for reconsideration dated January 25, and March 6, 2019.  We affirm.

In March 2018, the parties contracted for defendants to construct a fence on plaintiff's Newark property in exchange for $3500.  After consulting surveys of the property, defendants constructed the fence ten-to-twelve inches inside the property line, so the cement footings for the fence did not encroach onto the neighboring property.  In accordance with the contract, the fence was six feet high in the rear and made of PVC.  The contract also stipulated defendants would apply for a construction permit.

Following completion of the fence, plaintiff sent defendants a letter stating:

> After our discussion, I contacted Upendra Sapkota of Planning, Zoning, and Sustainability.  He insisted, and warned, that the fence must be placed at the borderline as per the survey; otherwise, you are tampering with the zoning map in violation of the Zoning Ordinance.  Therefore, you must, with immediate effect, correct the present position of the fence that gives away [twelve] inches of the property from [four foot four inches] to [three foot four inches].

Plaintiff sent defendants a second communication to a similar effect.

Plaintiff filed a Special Civil Part complaint alleging breach of contract and zoning ordinances.  At trial, plaintiff presented a Newark zoning ordinance

but did not adduce testimony to show the fence, as installed, violated the ordinance or required a permit. To the contrary, he called a Newark zoning official who testified defendants did not violate the law in constructing the fence.

Cavalieri also testified at the trial, but his direct examination is not included in the record, and we were only provided his testimony on cross examination. He testified the fence was installed inside the property line in accordance with Newark ordinances. He explained because the fence's concrete foundation stretched five inches in all directions and needed to be within plaintiff's property line, the fence was installed ten-to-twelve inches inside the property line.

The parties' contract called for six-foot-high fencing made entirely of PVC. To prove defendants were in breach, plaintiff confronted Cavalieri with a November 2014 Newark Zoning Land Regulation stating PVC fences were permitted only in the rear yard areas, and the maximum height for side and rear yard fencing was five feet. However, Cavalieri testified he called the city and learned the fence could be six feet high and that PVC was permissible. He also testified he applied for a permit and was informed one was not required.

In his oral opinion, the judge credited Cavalieri and the zoning official's testimony, and found defendants placed the fence in the proper location to ensure no portion of the installation, including the cement foundation, crossed the property line onto the neighboring property. The judge also found defendants fulfilled their obligation by attempting to obtain a permit and plaintiff failed to prove a breach of contract by proving one was required. Similarly, the judge found plaintiff failed to prove defendants violated Newark ordinances. The judge concluded the "fence was installed in a manner that comported with sound practice. It comported with the party's intention. It comported with the letter of the contract." Plaintiff's successive motions for reconsideration were denied.

On appeal, plaintiff reiterates the arguments he raised at trial. He asserts the trial judge's decision was against the weight of the evidence and contends the judge improperly assigned him the burden of proving a permit was required where defendants were contractually bound to obtain a permit, failed to do so, and instead constructed a fence in violation of Newark ordinances.

Appellate review of factual findings and legal conclusions is limited. Rova Farms Resort, Inc. v. Inv'rs Ins. Co., 65 N.J. 474, 484 (1974). "Findings by the trial judge are considered binding on appeal when supported by adequate,

substantial and credible evidence." Ibid. (citation omitted). We intervene only when "they are so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence." Fagliarone v. Twp. of N. Bergen, 78 N.J. Super. 154, 155 (App. Div. 1963). A decision to deny a motion for reconsideration is within the motion judge's discretion. Fusco v. Newark Bd. of Educ., 349 N.J. Super. 455, 462 (App. Div. 2002).

At the outset, we note plaintiff did not provide the transcript for the first day of trial, which contained his direct testimony. This hampers our ability to evaluate his arguments. Rule 2:5-3(b) states "the transcript shall include the entire proceedings in the court . . . from which the appeal is taken."

Notwithstanding, the record provided supports the judgment entered in favor of defendants. As it relates to the issue of the permit, plaintiff contends $500 of the $3500 contract price was to pay for the cost of securing a permit to construct the fence. However, the parties' contract did not delineate a cost for the permit, and merely stated defendants would "apply for [a] permit." In this regard, as the judge found, defendants "satisfied that obligation by [inquiring] of the [c]ity as to whether a permit was . . . necessary and determined that it was not."

We also reject plaintiff's argument that the judge erred by improperly placing the burden of proof on him to demonstrate breach of the contract as it related to the location, size, and material of the fencing. Fundamentally, "plaintiff has the burden to show that the parties entered into a valid contract, that the defendant failed to perform his obligations under the contract and that the plaintiff sustained damages as a result." Murphy v. Implicito, 392 N.J. Super. 245, 265 (App. Div. 2007) (quotation omitted). Pursuant to N.J.R.E. 101(b)(1), "'[b]urden of persuasion' means the obligation of a party to meet the requirements of a rule of law that the fact be proved . . . by a preponderance of the evidence."

The substantial, credible evidence supports the trial judge's conclusion that plaintiff did not meet his burden to prove a breach of contract. The judge did not abuse his discretion when he denied plaintiff's motion for reconsideration.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3127-18T1